UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PATRICIA ANN JOHNSON, as personal
representative of the Estate of Kelly Black
and on behalf of survivors Patricia Ann
Johnson and Grover Bostick, individually,

            Plaintiff,

vs.                                            Case No.  3:16-cv-1249-J-34PDB

EZX, LLC, a foreign limited liability
company, and MATTHEW M. RAU, an
individual,

            Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte.  Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction.  See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking").

Plaintiff originally filed this lawsuit in the Fourth Judicial Circuit Court in and for Duval County, Florida.  See Amended Wrongful Death Complaint (Doc. 2; Complaint) at 1.  On September 29, 2016, Defendants filed a Notice of Removal (Doc. 1; Notice) notifying the Court of their intent to remove this action to the United States District Court for the Middle

District of Florida, Jacksonville Division, and purporting to set forth the facts establishing that the Court has jurisdiction over this action. See Notice at 2-3. Specifically, Defendants assert that the Court has jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. See id. at 2-3. In support of this assertion, Defendants declare that EZX, LLC "is a foreign corporation licensed and incorporated under the laws of State of Wisconsin [sic]. EZX operates its business and has its principal place of business in the State of Wisconsin." See id. at 2-3. As such, Defendants rely on 28 U.S.C. § 1332(c)(1) to maintain that EZX, LLC is a citizen of Wisconsin. Id. at 3. The problem with these allegations, however, is that EZX is identified as a limited liability company (LLC), not a corporation, which Defendants acknowledge in the Notice. See id. ("Likewise, Plaintiff alleges that EZX is a foreign limited liability company licensed under the laws of State of Wisconsin.")  EZX cannot be both a limited liability company and a corporation. Moreover, because the requirements for demonstrating the citizenship of a limited liability company and a corporation are different, the Court cannot determine EZX's citizenship from the assertions in the Notice.

For the purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). A corporation, on the other hand, "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). Thus, to sufficiently allege the citizenship of an LLC, a party must list the citizenship of each

of the LLC's members, but to allege the citizenship of a corporation, a party must identify the states of incorporation and principal place of business. See Rolling Greens, 374 F.3d at 1021-22; 28 U.S.C. § 1332(c)(1). Here, as EZX is denominated as an LLC, but alleges jurisdiction as if it is a corporation, the Court is unable to determine EZX's citizenship. As such, clarification is necessary to establish this Court's diversity jurisdiction. First, Defendants must specify whether EZX is an LLC or a corporation. If, despite its name, EZX is a corporation, the Court can determine that EZX is a citizen of Wisconsin based on the information contained in the Notice. However, if EZX is, as it appears to be, an LLC, Defendants must establish the citizenship of each of EZX's members.[1] Therefore, the information presently before the Court is insufficient to invoke the Court's subject matter jurisdiction over this action.

In light of the foregoing, the Court will give Defendants[2] an opportunity to demonstrate that the Court has subject matter jurisdiction over this case on or before October 17, 2016. Accordingly, it is

**ORDERED**:

---

[1] Defendants are advised that each member's citizenship must be properly alleged, be it an individual, corporation, LLC, or other entity.

[2] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); see also Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").

Defendants EZX, LLC and Matthew M. Rau shall have up to and including **October 17, 2016**, to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on October 3, 2016.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties