**PATRICIA ANN JOHNSON, AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
KELLY BLACK AND ON BEHALF OF
SURVIVORS PATRICIA ANN JOHNSON
AND GROVER BOSTICK, INDIVIDUALLY,**

    *Plaintiff,*

v.                                                                                      No. 3:16-cv-1249-J-PDB

**EZX, LLC, AND MATTHEW M. RAU,**

    *Defendants.*

---

# Order

In this action under the Florida Wrongful Death Act, Fla. Stat. §§ 768.16–768.26, the defendants, EZX, LLC, and Matthew Rau, move to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for a more definite statement under Rule 12(e) and to strike under Rule 12(f). Doc. 5. The Court has subject-matter jurisdiction. Doc. 9.

## I.    Amended Complaint

In the amended complaint, the plaintiff, Patricia Ann Johnson, alleges the following.

Rau worked as a class-A licensed semi-truck driver for EZX, an interstate motor carrier authorized to transport goods under permits from the Interstate Commerce Commission, the United States Department of Transportation ("DOT"), or both. Doc. 2 ¶¶ 11, 16, 17. At all relevant times, he drove a truck with the VIN number

1XP5D49X7D825712 and pulled a trailer with the VIN number 1GRAA06225W705614. Doc. 2 ¶ 16.

EZX had to submit a form certifying it has access to and is familiar with all DOT regulations on the safe operation of commercial motor vehicles, it will comply with Federal Motor Carrier Safety Regulations, and it will meet other safety-certification requirements. Doc. 2 ¶¶ 13, 14. EZX's representatives swore under penalty of perjury to comply with the safety certifications. Doc. 2 ¶ 15.

On the morning of October 23, 2015, Rau "exchang[ed] words and gestures" with Kelly Black immediately before he "took off" and ran her over, dragging her under the wheels of the semi for 400 feet and killing her. Doc. 2 ¶¶ 3, 20, 21. He left her body in an intersection and did not stop. Doc. 2 ¶ 22. Her parents are her only survivors. Doc. 1 ¶ 3. Johnson is Black's mother; Grover Bostick, her father. Doc. 1 ¶¶ 4, 5.

Johnson alleges that, at all relevant times, Rau was operating the semi "in the course and scope of his employment or agency with … EZX" and "subject to … EZX's control or right to control, such that … EZX should be considered his actual and statutory employer and therefore vicariously liable for [his] negligence." Doc. 2 ¶¶ 17, 18. She alleges Rau and EZX "acted in a manner that … directly and proximately caused the incident" and Black's death. Doc. 2 ¶ 19.

Johnson seeks damages for loss of the value of Black's prospective net accumulations, funeral expenses, loss of companionship, mental pain and suffering, and loss of support and services. Doc. 2 ¶ 23.[1]

---

[1]Johnson originally sought damages for loss of protection and medical expenses. Doc. 2 ¶ 23(b), (c). Upon her notice, Doc. 11, the Court dismissed those damages claims without prejudice. Doc. 12.

In count I, titled, "Negligence Against Defendant Rau," Johnson realleges allegations concerning jurisdiction over Rau, an allegation about regulations and other standards that govern the transportation of goods in interstate commerce, an allegation about the truck and trailer Rau drove, allegations describing the incident, and the damages request. Doc. 2 ¶ 24 (realleging ¶¶ 1–5, 9–10, 16, 20–23). She alleges particular duties Rau owed and that he breached them. Doc. 2 ¶¶ 25–30. She alleges Black suffered injuries and died as a direct and proximate result of Rau's carelessness, recklessness, and negligence. Doc. 2 ¶ 30.

Count II, titled, "Active Negligence of Defendant EZX," was dismissed without prejudice upon Johnson's notice. *See* Doc. 2 ¶¶ 31–35, Doc. 11, Doc. 12.

In count III, titled, "Passive Negligence Against Defendant EZX," Johnson realleges allegations concerning jurisdiction over EZX, allegations about EZX's role in interstate commerce and Rau's relation to EZX, allegations describing the incident, the damages request, and duties Rau owed. Doc. 2 ¶ 36 (realleging ¶¶ 1–8, 10–23, 25–30). She alleges Rau was EZX's agent, employee, servant, or independent contractor; he acted within the course and scope of his agency or employment; he acted under the direct control and for the benefit of EZX; and EZX is vicariously liable for his negligence. Doc. 2 ¶¶ 37–38.

In count IV, titled "Strict Vicarious Liability [A]gainst Defendant EZX," Johnson realleges the same paragraphs as count III. Doc. 2 ¶ 39. She alleges the semi-truck is a dangerous instrumentality, Rau operated it with EZX's permission, and EZX owned or leased it, had control over who could operate it, entrusted it to Rau, and is strictly vicariously liable for Rau's negligence. Doc. 2 ¶¶ 40–42.

II. Standards

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 10(b) provides, "If doing so would promote clarity,

3

each claim founded on a separate transaction or occurrence … must be stated in a separate count."

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive dismissal under Rule 12(b)(6), a complaint must allege facts, accepted as true, that state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court may consider only the factual allegations in the complaint, anything attached to the complaint, anything extrinsic to the complaint that is central to the claim and without challenge to its authenticity, and any judicially noticeable facts. *United States ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 (11th Cir. 2015). The court must accept as true factual allegations and construe them in the light most favorable to the non-movant. *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012).

Under Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement of a pleading that "is so vague or ambiguous that [a] party cannot reasonably prepare a response." The motion "must point out the defects complained of and the details desired." *Id.*

Under Federal Rule of Civil Procedure 12(f), a court may strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A court usually will not strike something from a pleading unless it has no possible connection to the controversy and might prejudice a party if it remains. *Williams v. Delray Auto Mall, Inc.*, 289 F.R.D. 697, 700 (S.D. Fla. 2013).

**III.  Motion**

*A.  Shotgun Pleading*

The defendants argue the amended complaint should be dismissed because it is an impermissible shotgun pleading. Doc. 5 at 6–8. They observe count I "contains [37] paragraphs and subparagraphs including allegation and incorporation of parts of the earlier averred narrative on interstate commerce" and contend it is a "prohibited catch-all or shot-gun pleading," is not "short and plain," and is not "limited as far as practicable to a single set of circumstances." Doc. 5 at 6. They contend counts III and IV "reallege and incorporate all statements and legal conclusions about interstate commerce without regard to whether they are proper allegations or element[s] of each claim" and each count improperly incorporates the preceding allegations. Doc. 5 at 6. They contend they are "unable to frame a response" because it is "impossible to discern the claims" against them and ask the Court to dismiss the amended complaint, require a more definite statement, or strike certain paragraphs. Doc. 5 at 7.

Johnson responds the amended complaint is not a shotgun pleading because no count adopts a preceding count; it does not assert claims against multiple defendants without specifying to whom the claim applies; it is not "replete with conclusory, vague, and immaterial facts"; and it does not allege separate causes of action in the same count. Doc. 10 at 2. She contends the amended complaint "clearly separates each count by cause of action and by defendant and specifically attributes the facts pertaining to the respective elements of each cause of action." Doc. 10 at 7. She contends it is necessary to incorporate the allegations on interstate commerce into multiple counts because they affect Rau's and EZX's duties and the standard of care. Doc. 10 at 2–4.[2] She does not address the reallegation of paragraphs from count I in counts III and IV. *See generally* Doc. 10.

---

[2]Johnson asserts, "[A]lthough paragraphs 10 through 16 state facts pertaining to a single defendant, they must be incorporated into the negligence counts against both

5

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings are generally categorized into four types: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) "a complaint … replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does not "separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321–23.

A shotgun complaint makes it "virtually impossible to know which allegations of fact are intended to support which claims for relief." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014). The Eleventh Circuit has "roundly, repeatedly, and consistently" condemned shotgun pleadings. *Id.* at 1125. When served with one, a party should move to dismiss it under Rule 12(b)(6) or for a more definite statement under Rule 12(e). *Id.* at 1126−27.

Here, the defendants contend the amended complaint is a type-one and type-two shotgun pleading. It is neither.

The amended complaint is not a type-one shotgun pleading because no count adopts the allegations of all preceding counts. *See* Doc. 2; *Weiland*, 792 F.3d at 1321. Though the counts incorporate some of the same factual allegations, doing so does not make the amended complaint a shotgun pleading. *See Weiland*, 792 F.3d at 1324

---

defendants because they affect the standard of care for both." Doc. 10 at 4. The amended complaint does not incorporate paragraphs 11 through 15 in the negligence claim against Rau. *See generally* Doc. 2 ¶ 24. The defendants do not contend it should have. *See generally* Doc. 5.

6

(complaint realleging paragraphs 1 through 49 at the beginning of each count not a shotgun pleading because "allegations of each count [were] not rolled into every successive count on down the line"). Though counts III and IV reallege some paragraphs from count I, doing so does not make the amended complaint a shotgun pleading because the allegations on Rau's negligence relate to EZX's vicarious liability, which requires negligence by another. *See Valeo v. E. Coast Furniture Co.,* 95 So. 3d 921, 925 (Fla. Dist. Ct. App. 2012) (on claim for vicarious liability, plaintiff must show "employee committed [a] negligent act: (1) within the scope of employment, or (2) during the course of employment and to further a purpose or interest of the employer"); *Aurbach v. Gallina,* 753 So. 2d 60, 62 (Fla. 2000) (vicarious liability under a theory of dangerous instrumentality applies to "the owner of a motor vehicle who voluntarily entrusts that motor vehicle to an individual whose negligent operation causes damage to another"). Counts III and IV do not reallege count I's reallegation paragraph, causing no obvious confusion as to which allegations support which count. *See* Doc. 2 ¶¶ 36, 39.

The amended complaint is not a type-two shotgun complaint because it is not "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *See* Doc. 2; *Weiland,* 792 F.3d at 1322 (quoted). Though the defendants contend the section titled, "Facts Regarding the Defendants' Roles in Interstate Commerce," consists of "legal conclusions couched as factual allegations on interstate commerce" and contains "immaterial and impertinent conclusory factual allegations and legal conclusions," Doc. 5 at 6, 14, Johnson explains that section contains verifiable facts relevant to establishing vicarious liability, duties, and the standard of care. Doc. 10 at 2–6.

Some of the allegations in the "Facts Regarding the Defendants' Roles in Interstate Commerce" section are legal conclusions, *see, e.g.* Doc. 2 ¶¶ 10 (transportation of goods in interstate commerce is an ultra-hazardous activity subject to many regulations, laws, and standards); 11 (EZX was subject to various laws,

7

regulations, and standards), but others are verifiable facts, s*ee, e.g.* Doc. 2 ¶¶ 15 (EZX representatives swore under penalty of perjury to comply with certain safety certifications); 16 (Rau was a class-A-licensed motor-vehicle operator driving a specific truck and pulling a specific trailer). Johnson has specified which facts apply to each claim and, at a minimum, the allegations regarding Rau's employment relationship with EZX relate to vicarious liability, the allegations identifying the truck and trailer relate to identifying the vehicle driven, and the allegations on interstate commerce arguably relate to the defendants' duties. *See Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir. 2001) (under Florida law, negligence claim requires showing that "the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach caused the plaintiff to suffer damages"); *Clay Elec. Co-op., Inc., v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003) (duty may arise from "legislative enactments or administration regulations").[3]

Striking the paragraphs containing legal conclusions is unwarranted. They are not redundant, immaterial, impertinent, scandalous, or prejudicial. As legal conclusions, the Court will not consider them in considering the Rule 12(b)(6) motion to dismiss.

The defendants compare the amended complaint to the pleading in *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). Doc. 5 at 7. That case is not analogous. There, the Eleventh Circuit classified a pro se plaintiff's complaints as shotgun pleadings because "[o]nly a few of her claims were specific as to any defendant," "the relevant facts were not segregated to each of their respective

---

[3]No party addresses the applicability of any specific regulation or other law to either defendant. The defendants assert the allegations on interstate commerce are "immaterial and impertinent," Doc. 5 at 14, and Johnson asserts that "specific duties … arise when a commercial motor carrier and a commercial truck driver transport goods in interstate commerce," Doc. 10 at 3. She suggests she does not elaborate further because she does not want to "do[] the defense's homework." Doc. 10 at 3. Absent argument from either party, the Court expresses no opinion on whether any regulation or other law applies to either defendant.

claims," and it was "virtually impossible to ascertain what factual allegations correspond with each claim and which claim is directed at which defendant." *Beckwith*, 146 F. App'x at 372. The court found the district court did not abuse its discretion when it ordered the plaintiff to file a more definite statement. *Id.* Here, Johnson has specified which claims apply to each defendant and which facts apply to each claim. *See generally* Doc. 2.

The amended complaint is not a shotgun pleading. Johnson has separated the counts by defendant and by cause of action, has specified which facts apply to each claim, and has not realleged in each count the allegations in all preceding counts. The defendants contend they cannot frame a responsive pleading but have identified no desired detail or specific defect other than the purported shotgun nature of the amended complaint and conclusory nature of some allegations. Dismissing the amended complaint, requiring a more definite statement, or striking some paragraphs is unwarranted.

## B.   *Redundancy*

The defendants argue the Court should dismiss count III (passive negligence against EZX) because distinguishing between active and passive negligence is inappropriate given Florida's adoption of the comparative fault doctrine for simple torts. Doc. 5 at 11. They contend the claim is "redundant and misplaced" given the claim for vicarious liability in count IV, contend the "extra claim" adds nothing to the determination of fault or relief, and ask the Court to dismiss it or require Johnson to provide a more definite statement of the claim. Doc. 5 at 11–12. They contend that, if count III remains, count IV should be dismissed as redundant. Doc. 5 at 13.

Johnson responds count III is for vicarious liability based on a theory of respondeat superior and "is titled 'passive negligence' because the defendant is vicariously liable due to no action of its own other than the agency relationship with the tortfeasor." Doc. 10 at 8. She contends this claim is distinct from the claim for vicarious liability under a theory of dangerous instrumentality. Doc. 10 at 6.

"Vicarious liability is a form of indirect liability in which a party, who may have not been negligent, can be held liable for the acts of another party." *Pembroke Lakes Mall Ltd. v. McGruder*, 137 So. 3d 418, 431 (Fla. Dist. Ct. App. 2014). Vicarious liability under a theory of respondeat superior "imposes liability upon a principal for the negligent acts of his agent undertaken within the scope of the agent's employment." *Crowell v. Clay Hyder Trucking Lines, Inc.*, 700 So. 2d 120, 123 (Fla. Dist. Ct. App. 1997). Vicarious liability under a theory of dangerous instrumentality imposes strict liability and is not based on respondeat superior or agency. *Saullo v. Douglas*, 957 So. 2d 80, 86 (Fla. Dist. Ct. App. 2007).

"Active negligence" means "the tort-feasor actually does something to harm the injured party," while "passive negligence" means "the tort-feasor's failure to do something … resulted in harm to the injured party." *Nicholson v. Stonybrook Apartments, LLC*, 154 So. 3d 490, 494 (Fla. Dist. Ct. App. 2015). If the active negligence of one and the passive negligence of another combine to proximately cause an injury, "the passively negligent tort-feasor, who is compelled to pay damages to the injured person on account of the injury, is entitled to indemnity from the actively negligent tort-feasor." *Winn-Dixie Stores, Inc. v. Fellows*, 153 So. 2d 45, 49 (Fla. Dist. Ct. App. 1963). The distinction between active and passive negligence goes to fault. *Houdaille Indus., Inc. v. Edwards*, 374 So. 2d 490, 493 (Fla. 1979).

Through count III, regardless of its title, Johnson is seeking to hold EZX vicariously liable for Rau's negligence because Rau was its employee or agent and acted within the scope of his employment. *See* Doc. 2 ¶¶ 37, 38. It is distinct from the strict vicarious liability claim raised in count IV and does not appear redundant or misplaced. Dismissing either count III or count IV or requiring a more definite statement of either is unwarranted.

C.  *Failure to State a Claim*

The defendants argue the Court should dismiss count IV (strict vicarious liability against EZX) because it contains only a "formulaic recitation of the elements" of vicarious liability and contains insufficient facts to establish more than a speculative right to relief. Doc. 5 at 13. They also observe a trailer is not a dangerous instrumentality for vicarious liability. Doc. 5 at 13.

Johnson responds count IV contains sufficient facts to state a claim for strict vicarious liability under a dangerous-instrumentality theory. Doc. 10 at 8–9. She contends paragraph 40 establishes ownership, paragraph 16 (realleged by paragraph 39) establishes that Rau operated the truck, and paragraph 18 (realleged by paragraph 39) establishes Rau operated the truck in the course and scope of his employment with EZX, the owner of the truck. Doc. 10 at 8–9. She does not address the argument that the trailer is not a dangerous instrumentality. *See generally* Doc. 10.

The dangerous-instrumentality doctrine is based on "the practical fact that the owner of an instrumentality which [has] the capability of causing death or destruction should in justice answer for misuse of this instrumentality by anyone operating it with his knowledge and consent." *Meister v. Fisher,* 462 So. 2d 1071, 1072 (Fla. 1984) (internal emphasis omitted). It "imposes strict vicarious liability upon the owner of a motor vehicle who voluntarily entrusts that motor vehicle to an individual whose negligent operation causes damage to another." *Aurbach,* 753 So. 2d at 62. The person held vicariously liable must "have an identifiable property interest in the vehicle, such as ownership, bailment, rental, or lease." *Id.*

Under Florida law, "[t]he trailer portion of a tractor-trailer rig is not a dangerous instrumentality for the purpose of applying … vicarious liability." *Pullman, Inc. v. Johnson,* 543 So. 2d 231, 231 (Fla. Dist. Ct. App. 1987). But the tractor or truck portion is a dangerous instrumentality, and an employer may be subject to vicarious liability for negligent operation of it. *See Saullo v. Douglas,* 957

11

So. 2d 80, 87–88 (Fla. Dist. Ct. App. 2007) (company that owned trailer portion and leased tractor portion could only be liable based on operation of tractor portion; because it put driver in operational control of both tractor and trailer, it was subject to vicarious liability for driver's operation of tractor).

Here, Johnson explains she refers to the tractor and trailer portions of the semi-truck collectively as "the Semi," and alleges, "Rau ran over Kelly Black and dragged her under the wheels of the Semi for over 400 feet, killing her." Doc. 2 ¶¶ 16, 20. The motorized tractor portion of the semi is a dangerous instrumentality, and Johnson has sufficiently alleged Rau's negligent operation of the tractor portion caused Black's death. Her other allegations are more than a formulaic recitation; she sufficiently alleges EZX had an identifiable property interest in the semi-truck, Doc. 2 ¶ 40, and it entrusted it to Rau, Doc. 2 ¶ 41. *See Aurbach*, 753 So. 2d at 62. Count IV adequately states a claim for wrongful death based on a dangerous-instrumentality theory of vicarious liability against EZX. Dismissing count IV or requiring a more definite statement is unwarranted.

## IV. Conclusion

The Court **denies** the motion to dismiss, Doc. 5.[4] The defendants must answer the amended complaint by **May 5, 2017**.

**Ordered** in Jacksonville, Florida, on April 18, 2017.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

---

[4] The defendants also move to dismiss count II (active negligence against EZX) and Johnson's claims for damages for loss of protection, medical expenses, and prejudgment interest on medical expenses. *See* Doc. 5 at 8–11, 14–15. Because the Court has dismissed those claims without prejudice, *see* Doc. 12, the defendants' motion relating to them is **denied as moot**.

12

c: Counsel of Record